IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEANETH CASTRO,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.,<br><br>　　　　　Defendant. | C.A. No. 1:06cv01326 (RWR) |

### JOINT LCvR 16.3(d) REPORT, PROPOSED DISCOVERY PLAN, AND STATEMENT OF THE CASE

Pursuant to LCvR 16.3(c) and the Order for Initial Scheduling Conference, plaintiff Jeaneth Castro ("Plaintiff"), and defendant Marriott International, Inc. ("Defendant"), by their counsel, jointly submit this report setting forth (1) a brief statement of the case and the statutory basis for all causes of action and defenses; and (2) the results of their conference under LCvR 16.3(c)(1), and their proposed discovery plan.

I.　　STATEMENT OF THE CASE/STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES

Plaintiff's Statement. For more than seventeen years Plaintiff Jeaneth Castro worked as a bartender at the Town & Country, a bar and restaurant operating in the venerable Mayflower Hotel. Castro alleges that throughout this period she was the only female and the only person of Hispanic heritage so employed in the Town Country, and throughout this period performed her duties in exemplary fashion. In or about October 2005, agents of the Defendant called "shoppers" (designated to buy food or beverages, and later review transactional records to ensure proper handling of funds) allegedly came to suspect that during a single evening shift Castro mishandled several cash transactions and converted monies totaling less than $20.00. Upon

information and belief, male, non-Hispanic employees in the Town & Country have been suspected and/or been found to have engaged in conduct as or more serious than the conduct at issue here without being subjected to termination. However, in this instance Defendant proceeded to terminate Castro, and did so in the absence of a meaningful investigation, and despite Castro's otherwise unblemished record of service over a period of seventeen years. Upon information and belief, Castro remains the only female and only person of Hispanic heritage to have worked as a bartender at the Town & Country since 1988. Castro has suffered substantial economic injury and severe mental distress as a result of a termination alleged to derive from gender and ethnicity in violation of the D.C. Human Rights Act. Among other things Castro and her husband have been forced to sell their home, uprooting three young children in the process; been forced to forego health insurance; and compelled to consider a proceeding in bankruptcy. Castro seeks recovery of back pay and attendant benefits; reinstatement, or, in the alternative, front pay; compensatory damages; attorney fees and costs; and such other relief as may be appropriate.

Defendant's Statement. Plaintiff worked as a bartender in the Town and County bar (the "Bar") at the Renaissance Mayflower Hotel in Washington, D.C. (the "Hotel"). Defendant neither owns nor operates the Hotel, and did not employ Plaintiff. The Renaissance Hotel Operation Company ("RHOC"), a subsidiary of Defendant, operates the Hotel and was Plaintiff's employer. Defendant denies that Plaintiff's race or gender played any role in RHOC's decision to terminate her employment as a bartender in the Bar. RHOC discharged Plaintiff because she failed to follow important cash-handling procedures in connection with multiple transactions that she handled with secret shoppers of outside firms that RHOC used to conduct such shops of the bar. In its Answer, Defendant asserts as its affirmative and other defenses that

(1) the Complaint fails to state a claim, in whole or in part, upon which relief may be granted; (2) Defendant did not employ Plaintiff, and as such, is not an "employer" under the D.C. Human Rights Act; (3) To the extent that Plaintiff has failed to mitigate the alleged money damages to herself, she is barred in whole and/or in part from recovering any damages from Defendant; (4) All actions taken by Defendant were in good faith and for legitimate business reasons; (5) Plaintiff is not entitled to attorneys' fees, expert fees, or costs under the circumstances of this case; and (6) Plaintiff is not entitled to punitive damages because Defendant did not act with malice or reckless indifference towards Plaintiff.

## II.   MATTERS DISCUSSED BY COUNSEL PURSUANT TO LCvR 16.3(c)

(1)   Defendant has not filed a motion to dismiss in this matter. Defendant will likely file a motion for summary judgment at the appropriate time. Plaintiff does not believe that this matter will be resolved by dispositive motions.

(2)   The parties propose that all parties shall be joined or the pleadings amended by December 4, 2006. There are no factual or legal issues that can be agreed upon or narrowed at this time.

(3)   Neither party consents to the assignment of this case to a magistrate judge.

(4)   The parties are open to the possibility of resolving this matter and will likely have discussions at a later stage in the proceeding.

(5)   Neither party believes that this case would benefit from the alternative dispute resolution process at this time.

(6)   Defendant will likely file a motion for summary judgment that, if granted, will dispose of the case. Plaintiff does not believe that this case can be resolved by summary judgment. The proposed deadlines relating to such a motion are set forth in Section III.

(7)     The parties propose to provide Rule 26(a)(1) initial disclosures by December 4, 2006.

(8)     The parties anticipate serving interrogatories, document requests, and requests for admissions, in addition to conducting depositions in this case. A protective order may be necessary depending on the information sought in discovery, in which case the parties will jointly submit a proposed protective order to the Court. The proposed discovery period is set forth in Section III.

(9)     The parties do not propose any change to the existing rules relating to expert reports. The dates for exchanging such reports are set forth in Section III.

(10)    This case is not a class action.

(11)    The parties do not propose to bifurcate trial or discovery.

(12)    The proposed date for the pretrial conference is set forth in Section III.

(13)    The parties believe that a trial date should be set at the pretrial conference after a ruling on any summary judgment motions.

## III.    PROPOSED DISCOVERY AND OTHER DEADLINES

| EVENT | DATE |
| --- | --- |
| Commencement of Discovery | November 21, 2006 |
| Amendment of pleadings and joinder of additional parties | By December 4, 2006 |
| Submission of Plaintiff's expert report(s) | January 8, 2007 |
| Submission of Defendant's expert report(s) | February 12, 2007 |
| Depositions of Experts | To commence after the submission of each expert's respective report(s) through the end of discovery |
| Close of discovery | March 23, 2007 |

| Filing of motions for summary judgment | April 23, 2007 (motion); May 23, 2007 (opposition); June 6, 2007 (reply) |
|---|---|
| Pretrial conference | Forty-five days after the deadline for the filing of motions for summary judgment if none are filed, or forty-five (45) days after a ruling on the motion for summary judgment, assuming there are any triable issue remaining. |
| Trial date | To be determined. |

Respectfully submitted,

_____/s/_____
Minh N. Vu (Bar No. 444305)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Washington, D.C. 20037
Tel: (202) 861-0900
Fax: (202) 296-2882

Counsel for Defendant


_____/s/_____
John P. Racin (Bar No. 942003)
Timothy A. O'Brien (Bar No. 934141)
1721 Lamont Street, NW
Washington, DC 20010
Tel: (202) 265-2516

Counsel for Plaintiff

Dated: November 14, 2006