UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jeaneth Castro )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>Renaissance Hotel Operating Co. )<br>)<br>  Defendant. )<br>_____ ) | Civil Action No. 06-1326 (RWR) |

SECOND AMENDED COMPLAINT
(Equal Employment Opportunity)

1. This is an action to vindicate the right to equal employment opportunity secured by the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §2-1401.01 et seq. (2001). This Second Amended Complaint serves to substitute as Defendant the Renaissance Hotel Operating Company.

JURISDICTION

2. The Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332, in that the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different States.

PARTIES

3. Plaintiff Jeaneth Castro is an adult female of Hispanic heritage, a citizen of the United States, and a citizen of the State of Virginia.

EXHIBIT

-2-

4. Upon information and belief Defendant Renaissance Hotel Operating Company (or "RHOC") is a wholly owned subsidiary of Marriott International, Inc. incorporated in the State of Delaware with its principal place of business in the State of Maryland. Upon information and belief, the RHOC is a corporate citizen of the State of Maryland; owns and operates the Mayflower, a Renaissance Hotel ("the Mayflower"), on premises located in the District of Columbia; and is an "employer" within the meaning of the DCHRA.

## FACTS

5. In or about June 1988 Plaintiff became a bartender in the Town & Country, a bar operating in the Mayflower, and worked there until some time in or about October 2005.

6. Throughout the period of her employment Plaintiff was the only female employed as a bartender in the Town & Country, and during this period was also the only person of Hispanic heritage employed there in such a capacity.

7. Throughout her employment at the Town & Country, Plaintiff performed the duties of her position in exemplary fashion.

8. Some time in or about October 2005 officers, agents and/or employees of Defendant allegedly came to suspect that during a single evening shift at the Town & Country, Plaintiff mishandled several cash transactions, and converted monies totaling less than $20.00.

9. Plaintiff denied any misconduct, and sought an investigation of the allegation.

10. Upon information and belief, Defendant failed to conduct a meaningful investigation, and proceeded to terminate Plaintiff's employment, despite an unblemished record of service at the Town & Country compiled over a period of seventeen years, and despite no reasonable basis for finding any misconduct on Plaintiff's part.

11. Upon information and belief, males in the employ of Defendant, and non-Hispanic persons in the employ of Defendant, have been suspected of misconduct as or more serious than the misconduct alleged to have prompted the decision to terminate Plaintiff, but have avoided discipline, or received discipline less severe than termination.

12. Upon information and belief, since the termination of Plaintiff's employment Defendant has not employed a female bartender at the Town & Country, nor has it employed a Hispanic bartender there.

13. Upon information and belief, Defendant terminated Plaintiff's employment, not based on neutral factors or a fair evaluation of the relative seriousness of any alleged misconduct, but based on her sex, Hispanic race and origin.

14. As a direct and proximate result of Defendant's conduct as aforesaid, Plaintiff has suffered discrimination based on her sex and Hispanic race and origin, physical and economic injury, as well as severe mental distress deriving from termination and its consequences, here including probable loss of home through foreclosure or sale.

CLAIM (DCHRA)

15. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 14.

16. Defendant has subjected Plaintiff to discriminatory terms and conditions of employment and terminated her on account of her sex and Hispanic race and origin, all in violation of the DCHRA, D.C. Code §2-1402.11(a) (2001).

17. Defendant has engaged in discriminatory and unlawful employment practices which have been intentional, deliberate, willful, repetitive, systematic, and conducted in callous

disregard of Plaintiff's rights.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jeaneth Castro respectfully prays that this Court:

A.  Order the practices complained of herein to be adjudged, decreed and declared violative of rights secured by the DCHRA;

B.  Order Defendant to make Plaintiff whole, through payment of back and front pay, and retroactive restoration of any attendant economic benefits lost, all with interest or an appropriate inflation factor, in amounts proved at trial;

C.  Order that Defendant pay compensatory damages in an amount proved at trial.

D.  Order that Defendants pay punitive damages in an amount proved at trial;

E.  Grant Plaintiff reasonable attorneys' fees and costs; and

F.  Grant such other and further relief as the Court may deem just and proper.

LAW OFFICE OF JOHN P. RACIN


/s/
John P. Racin   Bar No. 942003
Timothy A. O'Brien  Bar No. 934141

1721 Lamont Street, N.W.
Washington, D.C.  20010
202.265.2516

Attorney for Plaintiff
Jeaneth Castro

<u>JURY DEMAND</u>

Plaintiff requests trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

/s/
John P. Racin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jeaneth Castro | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1326 (RWR) |
| | ) | |
| Marriott International, Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER

Having considered Plaintiff's Motion for Leave to File Second Amended Complaint, and the premises of this case, it is this ____ day of December, 2006,

ORDERED, that Plaintiff's Motion be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED, that the Second Amended Complaint substituting as Defendant the Renaissance Hotel Operating Company shall be deemed filed the date this Order is entered on the docket.

                                                                              _____
                                                                              RICHARD W. ROBERTS
                                                                              UNITED STATES DISTRICT JUDGE