UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JEANETH CASTRO,<br><br>           Plaintiff,<br><br>v.<br><br>RENAISSANCE HOTEL OPERATING COMPANY,<br><br>           Defendant. | C.A. No. 1:06cv01326 (RWR) |

**ANSWER OF DEFENDANT RENAISSANCE HOTEL OPERATING COMPANY
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Renaissance Hotel Operating Company (RHOC), ("Defendant") by its undersigned counsel, for its Answer to the Second Amended Complaint, states as follows:

1. The introductory paragraph of plaintiff Jeaneth Castro's ("Plaintiff") complaint contains statements concerning the nature of Plaintiff's claims as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendant's part, Defendant denies said allegations.

2. Defendant lacks sufficient information on which to admit or deny the allegations of this paragraph, and as a result, denies all allegations contained in this paragraph.

3. Defendant admits that Plaintiff is an adult female of Hispanic heritage and a citizen of the United States whose last known residence was in the State of Virginia. Defendant lacks sufficient information on which to admit or deny the remaining allegations of this paragraph, and as a result, denies all allegations contained in this paragraph.

DC:814243v1

4. RHOC operates the Renaissance Mayflower Hotel in the District of Columbia, is incorporated in the State of Delaware with its principle places of business in the State of Maryland, and is a subsidiary of Marriott International, Inc. Except as expressly admitted, Defendant denies any and all remaining allegations contained in Paragraph 4.

5. Defendant admits that Plaintiff began working as a bartender in the Town & Country bar located in the Mayflower Hotel in June 1988, and that her employment was terminated on October 28, 2005.

6. Defendant admits the allegations of paragraph 6. Defendant avers that during the period of Plaintiff's employment as a bartender in the Town & Country bar, there were only three other employees who worked as bartenders in that bar.

7. Defendant denies the allegations contained in Paragraph 7.

8. Defendant denies the allegations contained in Paragraph 8. Defendant avers that on October 15, 2005, an outside firm retained by the management of the Renaissance Mayflower Hotel, conducted a random "shop" of the Town and Country bar. The report from the shop revealed that Plaintiff had failed to follow cash-handling procedures for three separate transactions with the secret shoppers.

9. Defendant admits that Plaintiff denied any misconduct. Except as expressly admitted, Defendant denies any and all remaining allegations contained in Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12. Defendant avers that since the termination of Plaintiff's employment, no new bartenders have been hired.

13. Defendant denies the allegations contained in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14.

## CLAIM (DCHRA)

15. Defendant incorporates and relies upon the responses and denials set forth in paragraphs 1-14 of this Answer as if set forth in full herein.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

## PRAYER FOR RELIEF

18. Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of the Complaint or to any other relief.

19. Any allegation not previously admitted or denied is hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendant asserts the following affirmative and other defenses:

### FIRST DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

### SECOND DEFENSE

To the extent that Plaintiff has failed to mitigate the alleged money damages to herself, she is barred in whole or and in part from recovering any damages from Defendant.

THIRD DEFENSE

All actions taken by Defendant were in good faith and for legitimate business reasons.

FOURTH DEFENSE

Plaintiff is not entitled to attorneys' fees, expert fees, or costs under the circumstances of this case.

FIFTH DEFENSE

Plaintiff is not entitled to punitive damages because Defendant did not act with malice or reckless indifference towards Plaintiff.

SIXTH DEFENSE

Plaintiff's claim for punitive damages is limited by the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

SEVENTH DEFENSE

Defendant reserves the right to assert other affirmative or other defenses with regard to some or all of Plaintiff's causes of action.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed in its entirety, with prejudice, and that it be awarded its fees and costs and such other relief as the Court may deem appropriate.

Date:   December 20, 2006

Respectfully submitted,

/s/
Minh N. Vu, Esq. (Bar No. 444305)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Washington, D.C. 20037
Tel: (202) 861-0900
Fax: (202) 296-2882

Counsel for Defendant Renaissance Hotel Operating Company